# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

PARINAZ ASADNEZHAD,

                          Petitioner,

    v.

CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement; PATRICK DIVVER, Regional Director, Enforcement and Removal Operations, San Diego Field Office,

                          Respondents.

Case No.:  26cv1058 DMS DDL

**ORDER GRANTING PETITION**

       This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondent filed a Return to the Petition.  Petitioner did not file a Traverse.  For the following reasons, the Petition is granted.

       Petitioner is a native and citizen of Iran.  (Return, Ex. 1.)  On March 2, 2025, she entered the United States unlawfully and was apprehended by Border Patrol agents. (Return at 2.)  She was determined to be inadmissible, placed in expedited removal

1

proceedings, and taken into Immigration and Customs Enforcement ("ICE") custody. (Id.) Petitioner was referred for a credible fear interview with an asylum officer, and after receiving a positive finding, was issued a Notice to Appear, which initiated full removal proceedings. (Id.) Petitioner's merits hearing is currently scheduled for April 28, 2026. (Id.)

On February 26, 2026, Petitioner, proceeding pro se, filed the present case alleging her continued detention without a bond hearing violates her due process rights.[1] Respondent argues the Court lacks jurisdiction to consider Petitioner's claims, Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(1), and Petitioner's detention is not unconstitutionally prolonged.

In *De la Torre Duran v. Doe*, Case No. 25cv3230 DMS (DDL), this Court addressed claims and arguments similar to those raised here based on facts similar to those in this case. *See also Ogandzhanian v. Warden of Otay Mesa Detention Center*, Case No. 26cv0093 DMS MSB, ECF No. 6. In *De la Torre Duran*, the Court considered the factors set out in *Banda v. McAleenan*, 385 F.Supp.3d 1099, 116-17 (W.D. Wash. 2019), to conclude the petitioner's continued detention without a bond hearing violated his due process rights. *See De la Torre Duran*, ECF No. 11. Applying those factors to the present case results in the same conclusion.

Under the reasoning of *De la Torre Duran*, which the Court applies to the present case, the Court grants the Petition. Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration court within seven (7) days of this Order.

/ / /

/ / /

/ / /

---

[1] Petitioner also raises several conditions of confinement claims, (Pet. at 7-8), which are not cognizable on habeas. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973)) (stating civil rights action is "proper method of challenging 'conditions of … confinement.'") Accordingly, the Court does not address those claims further.

The parties are ordered to file a Joint Status Report within fourteen (14) days of this Order's entry confirming Petitioner received a bond hearing and setting out the results of that hearing.

**IT IS SO ORDERED**.

Dated:  March 26, 2026

Hon. Dana M. Sabraw
United States District Judge

26cv1058 DMS DDL